# In the United States Court of Federal Claims

No. 19-1448T
(Filed: September 26, 2019)

* * * * * * * * * * * * * * * * * * * *

BRADLEY BRENNECKE,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*

* * * * * * * * * * * * * * * * * * * *

### ORDER

Plaintiff, Bradley Brennecke, filed a complaint on September 19, 2019, alleging the following:

> Defendant injured Plaintiff in the amount of $10,953,618.91 by collecting assets without jurisdiction. Please see exhibit A U.S. Court Order for lack of jurisdiction, exhibit B Defendants motion to dismiss for lack of jurisdiction and admission to lack of jurisdiction, exhibit C Notice of lien totaling $3,858,356.50, exhibit D billing statements totaling $1,996,167.41, Exhibit E Levys totaling $99,095[,] exhibit F $5,000,000.00 Criminal conviction for imprisonment without jurisdiction; 560,298.56 Court Restitution With no jurisdiction.

> The United States is involved knowingly and maliciously against Plaintiff and should be held accountable to plaintiff for wrongful actions against Plaintiff and ill[-]gotten gains. The Defendant has collected assets from plaintiff without jurisdiction. See exhibits A, B, C, D, E[,] and F[.] It is the United States Claims Court's job to keep the defendant honest and must not allow Plaintiff to be further injured. The United States Claims Court must hold the Defendant to the law. The

> Plaintiff is entitled to warranted judgment because of the injuries rendered against Plaintiff, therefore this court should have Judgment rendered in Plaintiff's favor.

Compl. ¶¶ 1, 4.

Along with those two paragraphs, plaintiff attached two copies of an order of dismissal for lack of jurisdiction issued by the United States Tax Court; a copy of I.R.C. § 6320 (2018); respondent's motion to dismiss for lack of jurisdiction filed in the United States Tax Court; several notices of federal tax liens; a document titled "Billing Statements;" a table titled "United States District Court Judgment;" and an IRS notice of reversal of the notice of certification of seriously delinquent federal debt to the United States State Department.

Although courts hold pleadings filed by a *pro se* plaintiff to a less stringent standard, a *pro se* plaintiff is not exempt from demonstrating that the court has jurisdiction over his claim. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

Under the Tucker Act, this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act does not create a cause of action, however. "[P]laintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Our understanding is that plaintiff is challenging various actions by the United States either collecting or trying to collect taxes from plaintiff. Generally, our jurisdiction over tax disputes is limited to tax refund claims, *see* 28 U.S.C. § 1346(a)(1), and plaintiff must meet certain requirements to maintain a tax refund claim in this court. Plaintiff must pay the assessed tax prior to filing the complaint. *Flora v. United* States, 357 U.S. 63, 75 (1958), *aff'd on reh'g*, 362 U.S. 145, 177 (1960). Plaintiff also must file a timely tax refund claim with the IRS, I.R.C. § 7422(a), and provide to this court a copy of the refund claim and the amount, date, and place of each payment to be refunded, RCFC 9(m). Mr. Brennecke did not allege that he has paid any

assessed taxes or that he has filed a refund claim. He did not provide the information listed in RCFC 9(m). Therefore, plaintiff has not met the requirements to file a tax refund claim in this court.

Plaintiff attached several notices of federal tax liens to his complaint. To the extent plaintiff is challenging the validity of those liens, this court does not have jurisdiction over that claim. Tax lien challenges must be filed in either federal district court or state court. 28 U.S.C. § 2410(a); I.R.C. § 7432(a). Plaintiff also refers to levies in his complaint. To the extent he alleges a wrongful levy claim, we do not have jurisdiction over that claim. Federal district courts have jurisdiction over such suits. I.R.C. §§ 7426(a)(1), 7433.

Plaintiff broadly claims that the United States has "collect[ed] assets without jurisdiction." Compl. ¶ 1. Although the court has jurisdiction over a takings claim asserted under the Fifth Amendment to the United States Constitution, plaintiff has not alleged such a claim here, because he alleges that the collection was unlawful. *Rith Energy, Inc. v. United States*, 270 F.3d 1347, 1352 (Fed. Cir. 2001) ("[I]n a takings case we assume that the underlying governmental action was lawful, and we decide only whether the governmental action in question constituted a taking for which compensation must be paid."). Moreover, the obligation to pay money or the filing of a notice of a lien, without more, is not a taking. *See Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1339-40 (Fed. Cir. 2001); *First Atlas Corp. v. United States*, 23 Cl. Ct. 137, 139-41 (1991).

Finally, to the extent that plaintiff vaguely alleges other knowing, malicious, wrongful actions, this court lacks jurisdiction over those claims as well. As recited above, the Tucker Act excludes claims sounding in tort from this court's jurisdiction. To the extent plaintiff alleges that the IRS has intentionally or negligently violated the tax code in its collection of taxes, plaintiff must bring his claim in a federal district court. I.R.C. § 7433(a).

Because the court does not have jurisdiction over plaintiff's claim, his complaint must be dismissed. Accordingly, the Clerk of Court is directed to dismiss the complaint and enter judgment accordingly. No costs.

*/s/ Eric Bruggink*
Eric G. Bruggink
Senior Judge